OPINION of the Court, by
Judge Boyle.
— -The objection to the declaration, because the instrument de- . ,, , . . ii*it dared on is not alleged to have been sealed with the seals of the obligors, appears not to be entitled to weight; the covenant is averred to have been by deed, which ex vi termini, implies a sealing and delivery, and whatever else is necessary to constitute the solemnity of a deed. The other objections to the declaration, relate to its form rather than to its substance, and cannot be taken advantage of after a plea to the merits. But the circuit court certainly erred in quashing the plea, and in sustaining the demurrer. If, as the plea alleges, the consideration of the covenant declared on, was a loan of one hundred pounds, and that for the forbearance of the same from the 20th of February to the 1st of August in the year 1803, it was corruptly and usuriously agreed, that the obligors should pay to the obligee, the two ne-groes in the covenant mentioned, of the value of one hundred and fifty pounds, the contract was clearly usurious and against the statute in such case provided.
But the plaintiff in the circuit court ougut not to be placed in a worse situation by the reversal of the judgment sustaining his demurrer, than he would have been in, if the opinion of that court had been against him. If the circuit court had overruled the plaintiff’s demurrer, he might, according to the opinion of this court in the case of Hancock vs. Vawter, (a) have obtained leave from that court to withdraw his demurrer and reply.
Judgment reversed j cause remanded, with leave to reply to the plea, &c,

 Hard. 510,